## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CONSTANTINO CUARA RODRIGUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>THIRD JUDICIAL DISTRICT COURT COUNTY; UTAH ATTORNEY GENERAL'S OFFICE; US ATTORNEY; UTAH STATE BAR; FBI; SLC POLICE DEPARTMENT; and LDS CHURCH,<br><br>        Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:23-cv-00437-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Constantino Cuara Rodriguez initiated this pro se action against Defendants "Third Judicial District Court County," "Utah Attorney General's Office," "US Attorney," "Utah State Bar," "FBI," "SLC Police Department," and "LDS Church" (Defendants) on July 10, 2023.[1]  Rodriguez was permitted to proceed in forma pauperis under 28 U.S.C. § 1915 (IFP Statute).[2]  Rodriguez's Complaint contains unclear accusations against the Defendants and cites various causes of action under Titles 18 and 31 of the United States Code.[3]  Rodriguez alleges the following injuries: "mental diseases, damages to my properties, damage to 'WE US OUR,' COVID 19 global."[4]

On August 3, 2023, Rodriguez's case was referred to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(B).[5]  In a Report and Recommendation (the Report) issued on

---

[1] Dkt. 2, *Complaint*.

[2] Dkt. 4, *Order Granting Motion for Leave to Proceed in Forma Pauperis*.

[3] *See Complaint* at 4-5; Dkt. 7, *Report and Recommendation* at 1-2 (detailing Rodriguez's various claims).

[4] *Complaint* at 5.

[5] Dkt. 6, *Notice of Non-Consent*.

August 30, 2023, Judge Bennett recommended the court dismiss Rodriguez's action with prejudice for failure to state a claim and for frivolousness.[6]  Finding "Rodriguez could not provide any additional, plausible allegations that would save any of his claims from dismissal," Judge Bennett concluded it would be futile to grant Rodriguez an opportunity to amend his complaint.[7]  Accordingly, Judge Bennett recommended dismissal of Rodriguez's case with prejudice.[8]  Judge Bennett also warned that any objections to the Report must be filed within fourteen days, and that "[f]ailure to object may constitute waiver of objections upon subsequent review."[9]

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition.[10]  When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[11]  This court reviews for clear error any report and recommendation to which no objections have been raised.[12]

Six weeks have now passed since the Report was filed and the court has not received any objections from Rodriguez.  Accordingly, this court reviews the Report for clear error.  Having

---

[6] *See Report and Recommendation* at 6.

[7] *Id.* at 8.

[8] *Id.*

[9] *Id.* at 9.

[10] Fed. R. Civ. P. 72(b)(2).

[11] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[12]  *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

carefully considered the Report, the court finds no clear error.  While "dismissal of a pro se complaint for failure to state a claim" is generally disfavored, it is appropriate where, as here, "granting leave to amend would be futile."[13]  Therefore, the court ADOPTS the Report in full. For the reasons set forth in the Report, Rodriguez's Complaint is DISMISSED WITH PREJUDICE for failing to state a claim upon which relief may be granted.[14]  The Clerk of Court is directed to close this case.

SO ORDERED this 12th day of October, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[13] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

[14] *See* Dkt. 7.